**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LINWOOD EDWARD TRACY, JR., | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-00881-RCJ-WGC |
| PAUL CAMACHO et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Linwood Edward Tracy, Jr. has sued ten Defendants *in pro se* for unclear alleged civil rights violations. The Complaint, which is approximately 125 pages in length, is a disorganized collage of legal citations interspersed with confusing and often unintelligible allegations. More importantly, no causes of action are enumerated therein, and it is impossible in many instances to distinguish those legal theories intended to be pressed as causes of action from those intended only to be a part of the argumentation. In summary, the Complaint fails to comply with Rule 8 in that it is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Defendants have moved to dismiss for "failure to perfect service of process, failure to state a claim for relief, sovereign immunity, lack of subject matter jurisdiction, qualified immunity and absolute immunity." Until the Complaint is made intelligible, however, the Court cannot intelligently analyze any of these arguments. The Court will dismiss the Complaint with

leave to amend for failure to comply with Rule 8(a)(2). If the forthcoming amended complaint does not comply with Rule 8(a)(2), the Court may dismiss without leave to amend for failure to comply with the Court's order.

Plaintiff has also filed several motions. First, Plaintiff asks the Court to "quash" its minute order of April 17, 2012. That minute order is a standard order warning *pro se* plaintiffs of the requirement to respond to dispositive motions. Plaintiff argues that the order should be quashed because I should recuse myself from the case. The Court will deny the motion and will address the recusal issue separately, *infra*.

Second, Plaintiff has asked me to recuse myself from the case. Plaintiff notes that I am a defendant in Case No. 3:11-cv-436. It appears that several judges in this District are defendants in one or more of Plaintiff's cases. I am a defendant in the '436 Case. Judge Reed is a Defendant in Case No. 3:09-cv-355. Former Judge Sandoval was a defendant in Case No. 3:09-cv-238. The question is whether "[my] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). I am not a defendant in the present case, and therefore I am not faced with being a judge in my own cause. No reasonable person would question my impartiality in the present case simply because Plaintiff has named me as a defendant in the '436 Case. Although being sued by a litigant can create a question of bias in some instances, it does not do so under the present circumstances. In the '436 Case, Plaintiff has sued me and my deputy clerk for carrying out judicial functions related to another case he had filed that was pending before me, Case No. 3:11-cv-152. Because I perceive no threat from that litigation under the judicial immunity doctrine, I have no resulting bias against Plaintiff in the present case. The U.S. Attorney has been appointed to represent me by statute at no cost to myself, so I have no bias against Plaintiff even as to the potential cost of a defense. Plaintiff has made it a practice to sue judges for having ruled against him in the past. There is no need for such a judge to recuse under such circumstances. I have no personal bias against Plaintiff and no personal knowledge of the facts

of the case. *See id.* § 455(b)(1). Nor do I have any previous connection with the matter in another capacity. *See id.* § 455(b)(2)–(3). Nor do I or anyone related to me have any personal interest in the outcome of the case or any connection to it. *See id.* § 455(b)(4)–(5). I perceive no need to recuse myself in this case.

Third, Plaintiff asks the Court to "quash" the motion to dismiss. That motion is denied. Plaintiff has properly opposed the motion to dismiss, but the motion to dismiss is granted.

Fourth, Plaintiff asks the Court to remove Attorney Holly A. Vance as Defendants' counsel. That motion is denied. Plaintiff identifies no legitimate basis for disqualification, such as a conflict of interests due to any putative duty of confidentiality she may have to him.

Fifth and finally, Plaintiff asks the Court to "enforce 42 U.S.C. § 1983." He requests $2.8 billion in damages and interest because I have refused to recuse myself, as well as a refund of his $350 filing fee. The motion is denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) is GRANTED, with leave to amend.

IT IS FURTHER ORDERED that the Motion to Quash (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Motion for Recusal (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the Motion to Quash (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Motion to Disqualify (ECF No. 9) is DENIED.

IT IS FURTHER ORDERED that the Motion to Enforce 42 U.S.C. § 1983 (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated this 6th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge